**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RICHARD JAGGARD, et. al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC.,<br><br>　　　　　　　Defendant. | Case No. 3:21-CV-00360-RCJ-CLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF SETTLEMENT AGREEMENTS**<br><br>[ECF No. 23] |

　　　　This lawsuit is the second case filed by Plaintiffs Richard and Judy Jaggard ("Plaintiffs") arising from a cardiac catheterization procedure that Richard Jaggard underwent in March 2017. In the first case, Plaintiffs sued various medical providers, including the lead surgeon who performed the procedure, in Nevada state court. Ultimately, Plaintiffs reached settlement agreements with the named defendants. In this case, Plaintiffs sue Defendant Abbott Cardiovascular Systems, Inc. ("Abbott"), who was not sued in the Nevada state court action, for defects in the medical device involved in the procedure.

　　　　During discovery, Abbott made explicit discovery requests seeking copies of the settlement agreements between Plaintiffs and the defendants in the Nevada state court action. Plaintiffs refused to provide copies of the agreements asserting that the agreements are confidential. Abbott now moves the Court for an order compelling Plaintiffs to provide them copies of all settlement agreements reached between Plaintiffs and the defendants in the underlying state court action. (ECF No. 23.) Abbott argues that these settlement agreements are discoverable and relevant to this lawsuit. Specifically, Abbott asserts that the underlying settlement agreements are relevant to their defenses and to determine what, if any, setoff would be due for any damages in this case.

　　　　In response, Plaintiffs do not dispute the fact that these settlement agreements are discoverable and relevant to this litigation. (ECF No. 24.) However, Plaintiffs continue to

assert that the settlement agreements are confidential and that the motion should be denied because Abbott has not "satisfied the standards in this district for overcoming confidentiality." (*Id*. at 2.)

Abbott replied arguing that it had met the standards necessary for disclosure of the underlying settlement agreements. (ECF No. 28) The Court agrees with Abbott. Therefore, for the reasons stated below, the motion to compel (ECF No. 23) is granted.

I. **LEGAL STANDARD**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). Moreover, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## II.     DISCUSSION

In this instance, Abbott has met its initial burden related to the motion to compel. Specifically, Abbott has identified the discovery requests that are in dispute and the responses, has explained why the responses are deficient, and has explained why the discovery requested is relevant. As such, the burden shifts to Plaintiffs to show why the discovery should not be permitted. However, Plaintiffs have failed to meet their burden.

Here, Plaintiffs do not dispute that the settlement agreements are discoverable, nor do they claim that at least some of the information contained in the documents, namely the settlement amounts, are relevant. Rather, Plaintiffs simply claim that the settlement agreements are "confidential," and Abbott has not overcome the standards for maintaining this confidentiality as set forth in a prior decision from another magistrate judge in this district. (ECF No. 24.) The Court disagrees.

As a starting point, Plaintiffs' assertion that the settlement agreements should not be disclosed because they are "confidential" is unpersuasive. There is not a federal privilege preventing the discovery of settlement agreements in litigation. *Bd. Of Trs. Of Leland Stanford Junior Univ. v. Tyco, Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008.) Moreover, a protective order can be imposed to ensure the confidentiality of the information is maintained. Contrary to Plaintiffs' position, Abbott has established that the

settlement agreements in the underlying litigation, including the amounts of the settlements, are relevant to this case in several ways, including, but not limited, to the issues of offsets, the question of any release of liability, and other matters related to this litigation. Plaintiffs have failed provide any valid basis or rationale to prevent the disclosure of the underlying settlement agreements and thus, Abbott's motion to compel should be granted.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Abbott's motion to compel, (ECF No. 23), is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiffs shall have **fourteen (14) days** from the date of this order to provide Abbott with any and all settlement agreements they reached with any and all defendants in the underlying Nevada state court action without redaction.

**IT IS FURTHER ORDERED** that these documents shall be marked "CONFIDENTIAL" and that Abbott is precluded from disseminating these documents to the public or to any third parties, and are to be kept confidential, except as is necessary for Abbott to defend its interests in the present action.

DATED: October 5, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**